Filed 6/29/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B308589 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA042216) |
| v. | |
| STEVEN RUDY GONZALES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court for Los Angeles County, Steven Blades, Judge. Affirmed.

Kathy R. Moreno, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Steven Rudy Gonzales successfully petitioned the trial court under Penal Code[1] section 1170.95 to vacate his second degree murder conviction, for which he had been sentenced to a term of 15 years to life in prison (plus 25 years to life for a gun enhancement). His conviction was redesignated as the uncharged target offense, battery (§ 242), in accordance with section 1170.95, subdivision (e). Although battery ordinarily is a misdemeanor offense punishable by up to six months in county jail, the court sentenced defendant under section 186.22, subdivision (d) (hereafter section 186.22(d)), relying upon the jury's finding under section 186.22, subdivision (b) that defendant had committed the criminal act for the benefit of a criminal street gang. Section 186.22(d), which had not yet been enacted at the time defendant committed the act for which he was convicted, provides that a person who is convicted of a misdemeanor or felony offense committed for the benefit of a gang shall be punished by six months to one year imprisonment in county jail or by imprisonment in a state prison for one, two, or three years. The court imposed the high term of three years.

Defendant appeals, contending that application of section 186.22(d) violated the ex post facto clauses of the United States and California Constitutions (U.S. Const., art. 1, § 10; Cal. Const., art. I, § 9). He also contends that even if no ex post facto violation occurred, the judgment must be reversed because the trial court failed to exercise

---

[1] Further undesignated statutory references are to the Penal Code.

its discretion in choosing to impose an upper term felony sentence without considering evidence of defendant's rehabilitation and good conduct during his long imprisonment. We conclude that when a defendant is resentenced under a legislative enactment, such as section 1170.95, that gives inmates serving otherwise final sentences the opportunity to petition to take advantage of ameliorative changes to the law governing their convictions, there is no ex post facto violation if the court resentences the defendant under the then existing law so long as that law does not prescribe a penalty that is greater than the penalty that was prescribed for the criminal act at the time it was committed. We also find the trial court did not abuse its discretion in imposing a three year sentence. Accordingly, we affirm the judgment.

## BACKGROUND

In 1998, defendant, along with two fellow gang members, engaged in a fist fight with rival gang members that ended when one of defendant's fellow gang members shot and killed one of the rival gang members.[2] Defendant, who was 16 years old at the time of the crime, denied knowing that his fellow gang member had a gun, and there was no evidence that defendant intended to do anything but engage in a fist

---

[2] The details of the events are not particularly relevant for purposes of this appeal. Further details of the events may be found in our opinions in defendant's appeals from the original judgment (*People v. Gonzales* (2001) 87 Cal.App.4th 1, 5 (*Gonzales I*) and from the judgment after defendant's first degree murder conviction was vacated and he was resentenced on a second degree murder conviction (*People v. Gonzales* (Nov. 19, 2019, B291309) [nonpub. opn.] (*Gonzales II*)).

fight. Defendant was convicted of first degree murder under a natural and probable consequences theory, and a section 12022.53, subdivision (d) firearm allegation and a section 186.22, subdivision (b) gang allegation were found to be true. He was sentenced to 25 years to life in prison on the murder plus 25 years to life on the firearm enhancement.

In 2017, defendant filed a petition for writ of habeas corpus seeking to have his first degree murder conviction vacated under *People v. Chiu* (2014) 59 Cal.4th 155 (*Chiu*). After the Los Angeles District Attorney's Office filed a concession letter in response to the petition, stating that defendant was entitled to a reduction of his sentence to second degree murder under *Chiu*, the trial court granted the petition and set the matter for resentencing. Before resentencing, defendant filed a motion to strike the firearm enhancement, noting that the Legislature had amended the firearm enhancement statute since his original sentencing to allow courts to exercise discretion under section 1385 to strike or dismiss the enhancement. Defendant argued the trial court should exercise its discretion in the present case due to defendant's age at the time of the crime, the fact that he did not know his companion had a gun, and the fact that during the 19 years he had been in prison he had participated in many different programs, was close to earning an AA degree, and had been found to be a very low risk for recidivism, dangerousness, or violence. Although the trial court found that defendant had "been a model prisoner" and tried to better himself, it concluded it was not permitted to consider what defendant had done since the initial sentencing. Therefore, the court denied

4

defendant's motion and sentenced him to 15 years to life on the second degree murder, plus 25 years to life on the firearm enhancement.

Defendant appealed, raising two issues. First, he argued the trial court erred when it concluded it could not consider defendant's post-conviction conduct in deciding whether to strike the gun enhancement. Second, he asked this court to vacate his murder conviction based upon Senate Bill No. 1437 (SB 1437). We agreed with his first contention, but declined to vacate the murder conviction, concluding that SB 1437 requires that defendant file a section 1170.95 petition in the trial court to seek such relief. We remanded with instructions to the trial court to first decide defendant's section 1170.95 petition (defendant had filed a petition while the appeal was pending, and the trial court stayed it until the appeal was resolved) and, if the petition was denied, to address defendant's motion to strike the gun enhancement.

On remand, the prosecutor conceded that the second degree murder conviction could not stand under section 1170.95, and the trial court (a different judge than the judge who presided over the trial or the judge who resentenced defendant after his successful habeas petition) granted the section 1170.95 petition. The court noted that defendant was not charged with any other crime, and therefore it was unsure whether it could or should impose any sentence at all. The prosecutor explained that subdivision (e) of section 1170.95 provides that in cases in which a petitioner is entitled to relief from a murder conviction, if the murder had been charged generically and the target offense was not charged, the petitioner's conviction must be redesignated as the target offense for resentencing purposes.

Although the prosecutor conceded that the jury at defendant's trial was instructed that the target offense was a simple battery (§ 242), he argued that because the jury found the gang enhancement (under § 186.22, subd. (b)(1)) to be true, defendant should be sentenced under section 186.22(d). He argued that under that section the battery should be elevated to a felony with a sentence of one, two, or three years; he noted that if the battery was not elevated to a felony, there was a mandatory minimum sentence of 180 days. Defense counsel did not specifically argue that section 186.22(d) should not be applied, but argued that the facts of the crime did not support a felony sentence on the battery conviction. The court disagreed, and sentenced defendant to the high term of three years under section 186.22(d), with credit for time served, and three years of parole. Defendant timely filed a notice of appeal from the judgment.

## DISCUSSION

A.    *There Was No Violation of Ex Post Facto or Due Process Principles*

"The *ex post facto* prohibition forbids the Congress and the States to enact any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.' [Citations.] Through this prohibition, the Framers sought to assure that legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed." (*Weaver v. Graham* (1981) 450 U.S. 24, 28–29 (*Weaver*), fns. omitted.) The Supreme Court has identified "two critical elements [that] must be present for a criminal or penal law to be *ex post*

6

*facto*: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." (*Id.* at p. 29, fns. omitted.)[3]

In his initial appellant's opening brief[4] in the present case, defendant contends the felony sentence he received on his redesignated conviction for battery violated the ex post facto clauses of the United States and California Constitutions because at the time he committed the offense, simple battery under section 242 could be punished only as a misdemeanor for a maximum of six months in county jail (see § 243). In his reply brief and supplemental opening brief, defendant argues that even if the court's application of section 186.22(d) to elevate his battery conviction from a misdemeanor to a felony was not strictly an ex post facto violation, it nevertheless violated due process principles because the elevation of a misdemeanor battery to a felony was not foreseeable at the time of the offense.[5] Defendant's analysis is faulty.

---

[3] We interpret the ex post facto clause of the California Constitution "no differently than its federal counterpart." (*People v. Snook* (1997) 16 Cal.4th 1210, 1220.)

[4] After the Attorney General filed his respondent's brief, defendant requested permission to file a supplemental appellant's opening brief raising an additional issue (discussed in section B, *post*), which we granted. The Attorney General then filed a supplemental respondent's brief, and defendant filed a supplemental reply brief.

[5] The Attorney General argues that the trial court's decision to apply section 186.22(d) in conjunction with sections 242 and 1170.95 was a judicial act to which the ex post facto clauses do not apply. (Citing *People v. Sandoval* (2007) 41 Cal.4th 825, 855 ["the prohibition on ex post facto laws applies only to statutory enactments, not to judicial decisions"].) Instead, the Attorney General argues, the court's decision is to be reviewed "under 'core

In determining whether the imposition of a sentence violates ex post facto or due process principles, the focus is on the notice provided to an individual of the potential punishment for criminal acts at the time those acts were committed. (See *Weaver, supra,* 450 U.S. at p. 30 ["the *ex post facto* prohibition . . . forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred"]; *People v. Sandoval, supra,* 41 Cal.4th at p. 857 [in determining whether a sentence violates due process "the appropriate question [is] . . . whether the particular sentence imposed on the defendant 'so far disappoints reasonable expectations as to raise due process concerns'"].) Thus, the proper inquiry here is not what punishment was assigned to the crime of battery at the time defendant joined his fellow gang members in a fight against rival gang members. Rather, the inquiry is what punishment was assigned to the act of a gang member joining in a fight against rival gang members in which one of those rivals is shot and killed. And in 1998, when defendant engaged in the fist fight at issue, the punishment assigned for that act was 15 years to life plus 25 years to life for second degree murder.[6] Therefore, defendant was not disadvantaged by the retroactive

---

due process concepts of notice, foreseeability, and, in particular, the right to fair warning.'" (*Ibid.*)

[6]     Although defendant originally was found guilty of first degree murder and sentenced to 25 years to life plus 25 years to life, our Supreme Court subsequently found it unconstitutional to convict a person who was neither the killer nor a direct aider and abettor of first degree murder on a natural and probable consequences theory. (*Chiu, supra,* 59 Cal.4th 155.)

8

application of section 186.22(d), resulting in the imposition of a three year sentence.

The fact that subsequent legislation changed the law applicable to the criminal act in question to make that act no longer eligible to be charged as second degree murder with a 15 years to life sentence does not change the analysis. While SB 1437 eliminated the natural and probable consequences theory for second degree murder for individuals who were not the actual killers or direct aiders and abettors, it did not automatically recall or vacate by operation of law any previously imposed sentence for second degree murder. Instead, it allows those who were convicted before its enactment to petition to vacate the sentence. And, it specifically provides that if relief is granted and the petitioner's murder conviction is vacated, he or she will be resentenced on the remaining charges and/or, in some circumstances, on the previously *uncharged* target offense or underlying felony, so long as the new sentence is based upon the record of conviction and is not greater than the initial sentence. (§ 1170.95, subds. (d)(1), (d)(3), (e).) Thus, SB 1437, in granting leniency to certain individuals who have been convicted of murder, gives notice that the individual may be resentenced on criminal offenses that were not charged but are supported by the record, with the limitation that the new sentence cannot exceed the original sentence.

To conclude, we hold that when a murder conviction is vacated under section 1170.95, it does not violate ex post facto or due process principles for the court to retroactively apply a sentencing provision that is supported by the record of conviction when resentencing the

9

defendant, as long as the new sentence is no more severe than the punishment assigned by law when the act to be punished occurred, and is not greater than the defendant's original sentence.

B.      *The Court Did Not Abuse Its Discretion*

Defendant contends in his supplemental appellant's opening brief that "the trial court got so swept away by the prosecutor's juggernaut suggestion that the gang statute could be used to sentence [defendant] as a felon that it overlooked its duty to exercise its discretion" in determining whether to impose a misdemeanor or a felony sentence, and whether to impose the lower, middle, or high term.  He argues that, based upon his post-conviction conduct in prison, all of the factors that should be considered in determining whether to sentence a "wobbler" as a misdemeanor—i.e., whether "'the rehabilitation of the convicted defendant either does not require, or would be adversely affected by, incarceration in a state prison as a felon'" (*People v. Park* (2013) 56 Cal.4th 782, 790)—weighed heavily in favor of a misdemeanor sentence. Therefore, he contends the court necessarily failed to exercise its discretion.  We disagree.

Importantly, defense counsel did not argue to the trial court that it should take into consideration defendant's post-conviction conduct in determining whether to sentence the battery as a misdemeanor or a felony, nor did he offer any evidence of that conduct.  Therefore, we could find that defendant has forfeited this issue.  (*People v. Kidane* (2021) 60 Cal.App.5th 817, 826; see also *People v. Scott* (1994) 9 Cal.4th 331, 353.)  But in any event, we conclude defendant has failed to

demonstrate that the court did not exercise or abused its discretion in sentencing defendant. In fact, the record shows the contrary.

The record shows that the court was informed that section 186.22(d) "can elevate a misdemeanor to a felony [with a sentence of one, two, or three years]. Alternatively, if it's not elevated to a felony, it's a mandatory minimum of 180 days as a misdemeanor." The court also was informed (by defense counsel) of the general facts of the crime: that defendant got out of the car he was riding in because two rival gang members flashed gang signs at the car, so he and another person went to fight with the rivals, during which fight one of the rivals was shot and killed. Finally, the court was aware that defendant had already served 21 years on his original sentence, and that any sentence he imposed would be significantly less than the time he already served.

In deciding to impose a three-year sentence, the court acknowledged that if the fight had not been for the benefit of a gang, the appropriate sentence would be a misdemeanor. But based upon the facts of the crime, the court determined that the high term of three years was appropriate. We find the court did not abuse its discretion in reaching this conclusion.

//

//

//

//

//

//

11

## DISPOSITION

The judgment is affirmed.

**CERTIFIED FOR PUBLICATION**

WILLHITE, Acting P. J.

We concur:

COLLINS, J.

CURREY, J.